### JIM CARSON v. THE STATE.

#### No. 4221.   Decided November 8, 1916.

**1.—Murder—Severance—Practice in District Court.**

Where defendant and another, upon trial for murder, could not agree on the order of trial, and each expressed a desire that the other be first tried, it became the duty of the court to direct which one should first be tried, and as the codefendant and the defendant both filed pleas of severance, there was no error in the court directing that the defendant be first tried. Following Chumley v. State, 32 Texas Crim. Rep., 255, and other cases.

**2.—Same—Continuance—Bill of Exceptions—Practice on Appeal.**

In the absence of a bill of exceptions, the overruling of a motion for a continuance can not be considered on appeal; besides, there was a want of diligence, and the witness would not have testified as alleged in the application.

**3.—Same—Evidence—Acts and Declarations of Defendant—Flight.**

.    Upon trial of murder, where the evidence showed that the witnesses for the State searched for some evidence as to the cause of the death of the deceased, it was permissible to prove that such search was made during which time it was discovered by the opening of a trunk that defendant and his codefendant had packed their clothing in said trunk ready for flight.

**4.—Same—Argument of Counsel—Insanity of Witness.**

Where, upon trial of murder, the record showed that defendant's counsel had secured two doctors to visit the codefendant, and that he called both of them as witnesses but asked either of them any questions about the mentality of said codefendant, there was no reversible error in State's counsel to comment on that fact.

**5.—Same—Evidence—Acts of Defendant.**

Where, upon trial of murder, the codefendant testified for the State, there was no error in showing by her that defendant had given the deceased rough-on-rats, which contained arsenic.

Appeal from the District Court of Fannin.    Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of murder by poison; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Gross* and *A. P. Bolding,* for appellant.—On question of severance:  Shaw v. State, 39 Texas Crim. Rep., 161  45 S. W. Rep., 597; Dodson v. State, 32 Texas Crim. Rep., 529.

On question of insanity of State's witness:  Luttrell v. State, 31 Texas Crim. Rep., 493.

On question of continuance:  Carter v. State, 37 Texas Crim. Rep., 403; Presley v. State, 60 Texas Crim. Rep., 102, 131 S. W. Rep., 332; Sharp v. State, 61 Texas Crim. Rep., 247; Harris v. State, 76 id., 126.

On question of insufficiency of the evidence:  Fair v. State, 72 Texas Crim. Rep., 95; Lopez v. State, 34 Texas, 133.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder, and his punishment assessed at ninety-nine years confinement in the State penitentiary.

Appellant and Henrietta Sutton were indicted separately, charged with causing the death of Era Sutton (a daughter of Henrietta) by administering poison.  Appellant filed a plea asking that his codefendant be first tried, as he believed the State had not sufficient evidence to secure her conviction, and that her testimony would be material to his defense.

The State filed a contest of this plea, alleging that Henrietta Sutton would testify in behalf of the State by agreement, and that the testimony she would give would be material to the State's cause, and her testimony would not be material to the defense. Henrietta Sutton filed an affidavit stating she desired that appellant be first tried, and that she would testify in the case on behalf of the State.

When two defendants can not agree on the order of trial, and each expresses a desire that the other be first tried, it then becomes the duty of the court to direct which shall first be tried, and as Henrietta Sutton and appellant both filed pleas asking that the other be tried first, there was no error in the court directing that appellant be first tried. Art. 723, C. C. P.; Chumly v. State, 32 Texas Crim. Rep., 255; Parker v. State, 33 Texas Crim. Rep., 111.

Appellant then filed a motion asking that the case be continued on account of the absence of Dr. C. A. Gray, and says he expected to prove by said doctor that his codefendant, Henrietta Sutton, is in an insane condition of mind, and, therefore, an incompetent witness. No sufficient diligence is shown, and no bill of exceptions was reserved to the action of the court in overruling his motion for a continuance; consequently the matter is not presented in a way to authorize a review of that question. (Cocker v. State, 31 Texas Crim. Rep., 498, and cases cited in note 5, page 529, Vernon's Criminal Procedure.) However, the State, out of the abundance of precaution, when the motion for a new trial was presented, called Dr. Gray as a witness, and he testified that he had never seen Henrietta Sutton prior to the trial, and since the trial, at the instance of the State, he had called on her, and said he would not testify as desired by appellant.

In bills of exceptions Nos. 1 and 2 it is contended by appellant that the court erred in permitting W. L. Norton and J. L. Campbell to testify, among other things, that they opened a trunk and found the trunk packed with appellant's clothing, and the clothing of Henrietta Sutton. These two witnesses were called to the Sutton home on account of the sudden and mysterious death of Era Sutton and her sister Tishie. They were searching for some evidence as to the cause of death, and it was permissible to prove that such search was made, and if in making the search it was discovered that appellant and Henrietta had packed their clothing, ready for flight, there was no error in permitting that fact to be shown.

Appellant was contending on the trial that Henrietta Sutton was of unsound mind, and under such state of facts there was no error in the State commenting on the fact that appellant had called several doctors as witnesses and yet asked neither of them any question on that issue. In fact, the record before us discloses that appellant's counsel had secured two doctors to visit Henrietta Sutton; that he called both of them as witnesses, but asked neither of them any question about the condition of her mentally. The argument complained of was proper and legitimate.

The question propounded by the State to Henrietta Sutton was legitimate, and the answer admissible, when she testified that appellant had given the girl Era a dose of "rough-on-rats," pretending it was medicine. The record discloses that rough-on-rats contains arsenic, and arsenic in quantities was found in the girl's stomach after her death.

The judgment is affirmed.

*Affirmed.*